IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**JAMES E. LUNDEEN, Sr.,**

  **Plaintiff,**

 vs.          Civil Action 2:11-CV-1128
              Judge Smith
              Magistrate Judge King

**THE STATE MEDICAL BOARD OF OHIO,**

  **Defendant.**


## REPORT AND RECOMMENDATION

  This action challenges the permanent revocation of plaintiff James E. Lundeen's medical license by the defendant, the State Medical Board of Ohio ("the Board"). This matter is closely related to a prior case, *Lundeen v. Talmadge*, Case No. 2:11-cv-00484, in which plaintiff challenged the summary suspension of his medical license.[1] This matter is now before the Court for consideration of several motions filed by plaintiff, who is proceedings without the assistance of counsel: *Motion for Preliminary Injunction*, Doc. No. 6; *Motion for Declaratory Judgment and Permanent Injunction, Constitutional Challenge of State Statute R.C. 119.12*, Doc. No. 13; and *Motion for Judgment on the Pleadings Pursuant to Rule 12(c)*, Doc. No. 16. For the reasons that follow, it is **RECOMMENDED** that plaintiff's motions be **DENIED** and that this action be **DISMISSED**.

**I.**

  Plaintiff filed this action on December 19, 2011.  In his *Complaint*

---

[1] The Court entered final judgment granting defendants' motion to dismiss the earlier action, *Lundeen v. Talmadge*, Case No. 2:11-cv-00484, 2011 U.S. Dist. LEXIS 134019 (Nov. 21, 2011), and that judgment is the subject of plaintiff's pending appeal.  Plaintiff has also filed numerous other lawsuits in both state and federal courts related to the suspension of his medical license and the surrounding events. *See* 2011 U.S. Dist. LEXIS 134019, at *4 n.1. The Court does not construe the claims asserted in this action to include new or renewed challenges to the summary suspension of plaintiff's medical license.

*for Declaratory Judgment, Preliminary and Permanent Injunction*, Doc. No. 2, plaintiff alleges that, on December 14, 2011, the Board wrongfully ordered that plaintiff's medical license be permanently revoked. *Id.* at p.4; *see also Entry of Order*, attached as Exhibit B-3 to *Complaint*, Doc. No. 2-1. The Board based its decision upon the report and recommendation of a hearing examiner, Patricia A. Davidson. *Id.* Hearing Examiner Davidson had concluded that plaintiff's "acts, conduct, and/or omissions" constituted violations of Ohio Revised Code §4731.22(B). *See Report and Recommendation*, attached as Exhibit B to *Opposition to Motion for Preliminary Injunction*, Doc. No. 11-2, pp. 356-57. The Board informed plaintiff of his right, under O.R.C. §119.12, to appeal the revocation decision to the Court of Common Pleas for Franklin County, Ohio. *See December 14, 2011 Ltr. to Lundeen*, attached as Exhibit B-1 to *Complaint*, Doc. No. 2-1. On December 29, 2011, plaintiff in fact filed an administrative appeal in the Court of Common Pleas for Franklin County, Ohio. *See Notice of Appeal*, attached as Exhibit A to *Opposition to Motion for Preliminary Injunction*, Doc. No. 11-1. That appeal apparently remains pending.

Plaintiff asks this Court to enjoin the Board from enforcing the permanent revocation of his medical license. *Complaint*, p. 4. Plaintiff further seeks to enjoin the Board from enforcing O.R.C. §4731.22(B), which governs disciplinary actions by the Board, alleging that certain subsections "violate his due process and equal protection rights under the Fifth and Fourteenth Amendments of the United States Constitution, his free speech and redress rights under the 1st Amendment, as well as his rights articulated under Article I, Sections 1 and 2 of the Ohio Constitution." *Id.* at p.4.[2] Plaintiff also challenges the "absence of

---

[2] Plaintiff also refers to §4731.22(G), which relates to license suspensions. *See* fn. 1, *supra*.

*mens rea* and scienter language and application of strict liability" within the statute. *Id.*[3]

Plaintiff also challenges the constitutionality of Ohio's administrative appeals statute, O.R.C. §119.12. *See* Doc. No. 13.[4] In particular, plaintiff challenges the statutory provision that permits affirmance of the agency's order upon a finding that the order is supported by "reliable, probative, and substantial evidence and is in accordance with law." *See Motion for Declaratory Judgment and Permanent Injunction*, Doc. No. 13, p. 3. According to plaintiff, this standard of appellate review "violates his due process and equal protection rights . . . . [by not including] a weighing or burden of evidence other than non-zero." *Id.* Instead, plaintiff argues, "a higher proof of evidence, either preponderance or clear and convincing," should be required for review of agency decisions that "affect constitutionally-protected rights of property and/or liberty." *Id.* at pp. 5, 28.

## II.

Plaintiff moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." The Board has not yet filed an answer. Accordingly, plaintiff's *Motion for Judgment on the Pleadings Pursuant to Rule 12(c)* is not properly before the Court. *See Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc.*, No. 2:08-cv-1140, 2009 WL 5247486, at *1 (S.D. Ohio 2009) (holding Rule 12(c)

---

[3] Plaintiff also appears to assert a due process violation relating to his summary suspension. *See* fn. 1, *supra*.

[4] The *Complaint* expressly challenges only the constitutionality of §4731.22. However, the *Motion for Declaratory Judgment and Permanent Injunction, Constitutional Challenge of State Statute R.C. 119.12*, Doc. No. 13, also requests injunctive relief relating to §119.12. Because the *pro se* plaintiff's pleadings must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), and because this Court's disposition of plaintiff's challenge to §119.12 is the same as that relating to his challenge to §4731.22, the Court will overlook this procedural defect.

motion premature because pleadings not "closed" when all defendants had not yet filed an answer). It is **RECOMMENDED** that this motion, Doc. No. 16, be **DENIED**.

### III.

### A.

Plaintiff seeks preliminary and permanent injunctive relief. Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). When considering these factors, a district court should balance each factor against the others to arrive at its ultimate determination. *Id.* These factors are not prerequisites to injunctive relief; rather, they are factors that a court must balance. *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004)(same). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

The standard governing a request for permanent injunctive relief is

essentially the same as that governing a request for a preliminary injunction, except that plaintiff must show actual, as opposed to a likelihood of, success on the merits. *See ACLU of Kentucky v. McCreary Cty.*, 607 F.3d 439, 445 (6th Cir. 2010) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

The Court concludes that plaintiff cannot establish a likelihood of success on the merits.

**B.**

As an initial matter, the Court concludes that the Eleventh Amendment to the United States Constitution divests this Court of subject matter jurisdiction over the claims asserted in this action. The Eleventh Amendment prohibits "any suit in law or equity, commenced or prosecuted against one of the United States." The only named defendant in this action is the Board, which is an agency of the State of Ohio entitled to Eleventh Amendment immunity. *See Begun v. Ohio State Medical Bd.*, 1989 WL 34047, *1 (6th Cir. March 29, 2989)(unpublished)(affirming dismissal of claim against the Board based on Eleventh Amendment immunity).

The Board argues that the Court also lacks personal jurisdiction over it because plaintiff has neither requested a waiver of service nor effected service of summons. *See* Doc. Nos. 15, 17. Indeed, the record does not reflect either the waiver or the completion of service of process. Plaintiff responds that, on December 19, 2011, he filed a *praecipe* with the Clerk of Court, pursuant to Fed. R. Civ. P. 5.1(b), 28 U.S.C. §2403 and S.D. Ohio Civ. R. 10.1, intended to inform the Ohio Attorney General of plaintiff's constitutional challenge to a state statute. *See Praecipe*, Doc. No. 3; *Plaintiff's Reply*, Doc. No. 18. According to plaintiff, this *praecipe* "acts as a service of summons."

*Plaintiff's Reply to Defendant's Opposition to Motion for Judgment on the Record*, Doc. No. 18, p. 1. Moreover, because counsel for the Board immediately thereafter entered an appearance in the action and "materially participated" in this matter, plaintiff argues that the Board has constructively waived the service of process requirement. *Id.* p. 2. Plaintiff is mistaken.

Service of process on a defendant is a fundamental requirement in litigation. As stated by the United States Supreme Court:

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served."). Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. . . . Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)(some internal citations omitted).

Proper service of process in litigation instituted in the Southern District of Ohio must conform to Fed. R. Civ. P. 4 and S.D. Ohio Civ. R. 4.2. The fact that a defendant may have received actual notice of the filing of the action cannot substitute for proper service of process. *See LSJ Investment Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991). Similarly, a defendant's mere entry of appearance after receiving actual notice of the lawsuit does not automatically waive the requirement

of proper service of process. *Cf. Reed v. City of Cleveland*, No. 1:04-cv-0546, at \*9 (N.D. Ohio Sept. 6, 2006) (finding that individual defendant had implicitly waived his argument of improper service by its extensive participation in the case, including the filing of an answer, conducting discovery, testifying on deposition and affirmatively filing a motion for summary judgment).

Here, there is no dispute that plaintiff has not effected service of process in accordance with Fed. R. Civ. P. 4 or S.D. Ohio Civ. R. 4.2. Although he is proceeding *pro se*, plaintiff has demonstrated his ability to effect service of process in other cases filed by him. *See, e.g., Lundeen v. Talmadge*, Case No. 2:11-cv-1148, Doc. Nos. 4, 5. Moreover, the Board has noted the failure to effect service of process in nearly every filing made by it and plaintiff has nevertheless not attempted to either secure a waiver of service or actual service of process. Under these circumstances, the claims asserted in this action are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Wholly apart from these jurisdictional issues, the Board argues that this Court's consideration of plaintiff's claims for relief is prohibited by the federal abstention principles articulated in *Younger v. Harris*, 401 U.S. 37 (1971). *See* Doc. Nos. 11, 15. Plaintiff responds that *Younger* does not apply here because: (1) this case is related to a separate habeas case, in which *Younger* would not apply; (2) the three-prong test for abstention has not been satisfied; and (3) the statutory scheme at issue in this action is so "flagrantly and patently violative of express constitutional prohibitions" that abstention is inappropriate. *See Plaintiff's Reply to Defendant's Opposition to Preliminary Injunction*, Doc. No. 14.

The *Younger* abstention doctrine, as established and extended by the United States Supreme Court, prohibits federal courts from issuing injunctions that serve to interfere with state criminal and civil proceedings. *See Younger*, 401 U.S. at 43, 46 (addressing interference with state criminal proceedings); *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (extending *Younger* to state civil proceedings). The doctrine also prohibits federal courts from interfering with certain state administrative proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 n.12 (1982).

A federal court must consider three factors in determining whether *Younger* abstention is appropriate:

> (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.

*Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). Even when a federal court determines that each of the *Younger* factors has been satisfied, the court must then determine whether any exceptions to the *Younger* doctrine apply so as to counsel against abstention. *See BB&T Ins. Servs., Inc. v. Ohio Dept. of Ins.*, No. 2:06-cv-09, 2006 WL 314495, at *5 (S.D. Ohio Feb. 9, 2006). Specifically, *Younger* abstention does not apply when a federal court finds that

> the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."

*Huffman v. Pursue, Ltd.*, 420 U.S. at 611.

8

Plaintiff first contends that, because this Court has characterized this case as "related" to a habeas corpus action under 28 U.S.C. §2254[5] – one of four (4) other related cases filed by plaintiff in this Court, see Doc. No. 8 – *Younger* abstention is inapplicable. This argument is entirely frivolous. This case is not a habeas case and application of the Court's internal administrative process by which related cases are assigned to the same judicial officers does not make it so. In any event, the habeas case filed by plaintiff under 28 U.S.C. §2254, *Lundeen v. State Medical Board of Ohio*, 2:11-cv-1054, was dismissed by the Court under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without requiring response by the Board. The Court will therefore consider the *Younger* three-prong test.

This Court has previously held that the administrative proceedings initiated before the Board qualify as "an ongoing judicial proceeding" for purposes of *Younger* abstention. *Lundeen v. Talmadge*, 2:11-cv-11-484, Doc. No. 42, pp. 6-7. *See also Watts v. Burkhart*, 854 F.2d 839, 846 (6th Cir. 1988) (finding proceedings initiated by the Tennessee Division of Health Related Boards to summarily suspend a doctor's license to be "judicial proceedings" subject to *Younger* abstention principles). *See also Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. at 627 (finding that administrative proceedings that are judicial in nature from the outset remain judicial in nature even though they have "progressed to state-court review" by the time the federal injunction case is heard). Plaintiff's claim that the Board's proceeding is not

---

[5]In *Lundeen v. State Medical Board of Ohio*, 2:11-cv-1054, plaintiff claimed that the summary suspension of his medical license denied him his right to liberty and procedural due process and defamed him. That action was dismissed because plaintiff did not meet the "custody" requirement of 28 U.S.C. § 2254(a).  *Order*, Doc. No. 9. Plaintiff's appeal from the judgment entered in that action remains pending.

9

"judicial" because the voting members are allegedly biased (because they were named as defendants in plaintiff's other lawsuit(s)) is not well-taken.

The administrative proceedings are also clearly "ongoing." Plaintiff has chosen to continue the administrative matter by filing an appeal in the Court of Common Pleas for Franklin County from the administrative revocation of his medical license. *See Lundeen v. Ohio State Med. Bd.*, Case No. 11-CV-016295. That case apparently remains pending. *See Fed. Express Corp. v . Tenn. Public Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) (finding state court proceedings "ongoing" for purposes of *Younger* analysis where plaintiff had initiated state judicial review of state agency's order).[6]

The second *Younger* question is whether the proceedings implicate an important state interest. Again, this Court has previously held that the state proceedings do. *Lundeen v. Talmadge*, 2:11-cv-11-484, Doc. No. 42, p. 7. It is clear that the regulation of the practice of medicine is an important interest to the State of Ohio. *See, e.g.*, *Watts*, 854 F.2d at 846-47 ("It is readily apparent that the State of Tennessee has an important interest in protecting its citizens from the illegal and

---

[6] In *Fed. Express Corp. v. Tenn. Public Serv. Comm'n*, the United States Court of Appeals for the Sixth Circuit utilized the "day-of-filing" rule to conclude that the underlying state proceedings were ongoing. 925 F.2d at 969. Specifically, the court found the first prong of the *Younger* analysis to be satisfied because a state proceeding was pending at the time the federal court action was filed. *Id.* Even though, in the instant case, plaintiff filed this action after the administrative hearing process had ended but before he had filed his administrative appeal in state court, the undersigned finds that this analysis does not change. At the time plaintiff filed this action, the 15-day window provided by state law for appealing the Board's administrative decisions had not yet passed. *See* Ohio Rev. Code Ann. §119.12; *December 14, 2011 Ltr. to Lundeen*, attached as Exhibit B-1 to *Complaint*, Doc. No. 2-1. Just ten days after filing this action, plaintiff filed his appeal in state court. *See Notice of Appeal*, Doc. No. 11-1. No proceedings on the merits of this case had taken place in the interim and the Court therefore concludes that the principles of comity and federalism underlying the *Younger* abstention doctrine are fully applicable here. *See Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 436-37 (1982); *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

improper distribution of controlled substances and from the negligence of licensed physicians."); *Korn v. Ohio State Med. Bd.*, 61 Ohio App.3d 677, 685-86 (Franklin Cty. 1988) ("There is a strong public interest in the removal of a doctor from the profession to protect innocent patients."). Plaintiff's argument to the contrary (including his inapplicable detour into the criminal principle of entrapment) is without merit.

The third element of the *Younger* inquiry is whether plaintiff has an adequate opportunity to raise constitutional challenges in the pending state proceedings. Under Ohio law, a party adversely affected by an order of the Board may argue on appeal, pursuant to Ohio Revised Code §119.12, that the order is not "in accordance with law," a term that has been construed to include federal constitutional challenges. *See, e.g., Reading v. Pub. Util. Comm.*, 109 Ohio St.3d 193, 195-96 (2006) (permitting facial constitutional challenge); *Leon v. Ohio Bd. Of Psychology*, 63 Ohio St.3d 683, 686-87 (1992) (permitting argument that the regulation relied upon to revoke appellant's license was unconstitutionally vague). This Court has specifically held that an appeal to Ohio courts under §119.12 provides an adequate forum to raise constitutional issues. *See BB&T Ins. Servs., Inc. v. Ohio Dept. of Ins.*, No. 2:06-cv-09, 2006 WL 314495, at *5 (S.D. Ohio Feb. 9, 2006); *Walter v. Cincione*, No. 2:00-cv-1070, 2000 WL 1505945, at *3 (S.D. Ohio Oct. 6, 2000). Thus, plaintiff's pending appeal before the Franklin County Court of Common Pleas provides ample opportunity for plaintiff to raise his constitutional challenges; indeed, plaintiff has done just that. *See Notice of Appeal*, attached as Exhibit A to *Opposition to Motion for Preliminary Injunction*, Doc. No. 11-1, p. 3. Plaintiff's argument that he cannot receive an adequate review of his current constitutional concerns in a state forum, based on the fact that his prior cases have

failed and his belief that the State of Ohio "has affected a stranglehold on the State Court system," is without merit.

This Court therefore concludes that the *Younger* analysis militates in favor of abstention.

Plaintiff argues that a lack of *mens rea* language in §4731.22 makes it so "flagrantly and patently violative of express constitutional prohibitions" that equitable relief is warranted notwithstanding the *Younger* analysis. *See Reply*, Doc. No. 14, p. 18. This Court disagrees.

Section 4731.22 addresses disciplinary actions against physicians and, *inter alia*, authorizes the revocation of a certificate to practice for certain specified reasons. § 4731.22(B). Although certain of the specified bases include a mental element, *e.g.*, § 4731.22(B)(4)("Willfully betraying a professions confidence"); § 4731.22(B)(5)("Making . . . a statement . . . intended . . . to create false or unjustified expectations . . . ."), other specified bases do not, *e.g.*, § 4731.22(B)(2)("Failure to maintain minimal standards applicable to the selection or administrative of drugs . . ."); § 4731.22(B)(4)(3)("[A]dministering drugs for other than legal and legitimate therapeutic purposes . . .").

However, not every statute must contain an express *mens rea* element in order to pass constitutional muster. This is true, moreover, even where a statute – unlike the statutes challenged by plaintiff – imposes criminal liability. *See, e.g., Tomlin v. Anderson*, 106 F.3d 402, *5 (Table), 1997 WL 35577 (6 [th] Cir. January 29, 1997). In particular, statutes that deal with the public welfare or regulatory offenses need not require proof of any *mens rea*. *See Staples v. United States*, 511 U.S. 600, 606 (1994). It is notable in this regard that § 4731.22(B) was enacted under the state's power to protect the public's safety and welfare. *Bouquett v. Ohio State Med. Bd.*, 123 Ohio App.3d 466, 473

(Franklin Cty. 1997). In any event, courts may, under some circumstances, impute a mental element required by either legislative intent or constitutional mandate. *See, e.g., Morissette v. United States*, 342 U.S. 246, 263 (1952).

This Court expresses no opinion as to the merits of plaintiff's claims in this regard; the Court does conclude, however, that the mere fact that §4731.22 may not expressly require a particular mental element does not render the statute so flagrantly and patently violative of express constitutional prohibitions that equitable relief is warranted notwithstanding the *Younger* analysis.[7]

**WHEREUPON**, it is **RECOMMENDED** that plaintiff's *Motion for Preliminary Injunction* (Doc. No. 6), *Motion for Declaratory Judgment and Permanent Injunction, Constitutional Challenge of State Statute R.C. 119.12* (Doc. No. 13), and *Motion for Judgment on the Pleadings Pursuant to Rule 12(c)* (Doc. No. 16) be **DENIED**. It is **FURTHER RECOMMENDED** that this case be **DISMISSED** for lack of subject matter and personal jurisdiction, and because the Court should abstain from consideration of plaintiff's claims.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy

---

[7] The same can be said for §119.12, even though plaintiff does not specifically address this statute.

13

thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                            United States Magistrate Judge

May 7, 2012
(Date)