**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES E. LUNDEEN, SR.,**

    **Plaintiff,**

-v-                                                        **Case No.: 2:11-CV-1128**
                                                              **JUDGE SMITH**
                                                               **Magistrate Judge King**

**THE STATE MEDICAL BOARD OF OHIO,**

    **Defendant.**

**OPINION AND ORDER**

    Plaintiff James E. Lundeen initiated this action to challenge the permanent revocation of his medical license by Defendant, the State Medical Board of Ohio ("the Board"). He seeks declaratory and injunctive relief.

    On May 8, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") (Doc. 19) proposing that Plaintiff's pending motions be denied and this action dismissed in its entirety. Plaintiff filed objections to the Magistrate Judge's R & R (Docs. 20, 21).[1] Defendant subsequently filed a Notice of Additional Development, with a state court ruling attached, which Plaintiff opposed by filing a Motion to Strike (Doc. 24).

    The Court, having reviewed the record *de novo*, finds for the reasons that follow that Plaintiff's objections are without merit. Therefore, Plaintiff's objections are **OVERRULED**, and the R & R is **ADOPTED and AFFIRMED**. Accordingly, Plaintiff's motion for preliminary

---

[1] Plaintiff's objections, titled Verified Response in Opposition to Magistrate Judge's Report and Recommendation, were filed in duplicate on the docket.

injunction (Doc. 6), motion for declaratory judgment and permanent injunction (Doc. 13), and motion for judgment on the pleadings (Doc. 16) are **DENIED**. Further, as the Court reached its decision without considering Defendant's Notice of Additional Development or the state court decision underpinning Plaintiff's Motion to Strike, the Motion to Strike (Doc. 24) is **DENIED as MOOT**.

## I. LEGAL STANDARD

When objections are received to a Magistrate Judge's R & R on a dispositive matter, the assigned District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. DISCUSSION

As an initial matter, the Court notes that a large part of Plaintiff's opposition to the Magistrate Judge's R & R amounts to political conspiracy theories and unsupported factual inferences and opinions. These are not proper means of objecting to the R & R, let alone admissible evidence, and have been disregarded by the Court. *See, e.g.*, *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 398 (6th Cir. 2009) ("[O]ur law is well-established that rumors, conclusory allegations and subjective beliefs ... are wholly insufficient evidence . . . ."); Begun *v. Ohio State Med. Bd.*, 872 F.2d 1023, 1989 WL 34047, at *1 (6th Cir. ) ("[P]laintiff's unwarranted factual inferences and conclusory allegations of conspiracy are insufficient to state a claim."). With that

said, the Court will now address the two categories of objections properly before the Court for review: jurisdiction and abstention.

Plaintiff objects to the Magistrate Judge's conclusion that the Court lacks both subject matter and personal jurisdiction over Defendant State Medical Board of Ohio. The Magistrate Judge found no subject matter jurisdiction due to the Eleventh Amendment bar prohibiting suit by a private citizen against a state, including agencies of the state. The Magistrate Judge also found no personal jurisdiction due to Plaintiff's failure to complete service of process in conformance with Fed. R. Civ. P. 4 and S.D. Ohio Civ. R. 4.2.

For the first time in this action, Plaintiff claims that the intended party-defendant is Richard Whitehouse, in his official capacity as the Executive Director of the Board, rather than the Board itself. The Court finds this sudden revelation to be a disingenuous attempt to avoid the Eleventh Amendment bar applicable to Plaintiff's case. Plaintiff specifically captioned the defendant in his Complaint as "The State Medical Board of Ohio, C/o Richard A. Whitehouse, Exec. Director." (Doc. 2). Even though Plaintiff is proceeding *pro se*, Plaintiff clearly knew enough to properly title his case—when he has intended to sue state officials in their personal and/or official capacities in other cases before this Court, he has aptly specified it in the case caption.[2] And since the inception of this lawsuit, the Ohio Attorney General's Office has clearly stated its representation on behalf of the Board, not Mr. Whitehouse; yet Plaintiff never once, in all of his filings with the Court, attempted to clarify any alleged misunderstanding until after the Magistrate Judge correctly

---

[2] *See, e.g.*, *Lundeen v. Buehrer*, Case No. 2:11-cv-363 ("Stephen P. Buehrer, personal capacity Defendant and Stephen P. Buehrer, Administrator, Ohio Bureau of Workers' Compensation, official capacity Defendant . . . ."); *Lundeen v. Ridge*, Case No. 2:11-cv-430 ("John S. Ridge, personal capacity Defendant and John S. Ridge, official capacity Defendant"); *Lundeen v. Talmadge*, Case No. 2:11-cv-484 ("Lance A. Talmadge, MD, official capacity, Board Member, State Medical Board of Ohio . . . .").

recommended dismissal for lack of subject matter jurisdiction.

The Court also agrees with the Magistrate Judge that there is no personal jurisdiction over Defendant Board because Plaintiff has failed to perfect service of process in the almost seven months that this action has been pending. Plaintiff's claims that service has been waived because Defendant had "actual notice" and "material involvement" have no merit. And, ironically, if the Court were to treat Mr. Whitehouse as the real party-defendant, as Plaintiff requests, Plaintiff would have an even weaker argument as to personal jurisdiction since Mr. Whitehouse has never even entered an appearance in this matter.

Plaintiff additionally objects to the Magistrate Judge's conclusion that federal abstention, as articulated in *Younger v. Harris*, 401 U.S. 37 (1971), applies to this case. The Magistrate Judge found each of the three *Younger* factors satisfied and no exceptions counseling against abstention. Even were the Court to adopt Plaintiff's argument that he actually sued Mr. Whitehouse in his official capacity, rather than the Board, for prospective injunctive relief, the same abstention analysis would still apply.

Plaintiff's objections to abstention focus on two main issues: adequacy of the state forum and alleged bad-faith harassment of the state proceedings.[3] First, Plaintiff disagrees with the Magistrate Judge's conclusion that the state proceedings afford an adequate opportunity to raise constitutional challenges. But as highlighted by the Magistrate Judge, Ohio courts entertain appeals of Board decisions based on federal constitutional issues, and this Court has specifically held that

---

[3] Plaintiff also generally objects to the Magistrate Judge's conclusion that "the mere fact that §4731.22 may not expressly require a particular mental element does not render the statute so flagrantly and patently violative of express constitutional prohibitions that equitable relief is warranted notwithstanding the *Younger* analysis." Plaintiff does not offer any new insight, but only references the Court to his earlier briefing. The Court agrees with the Magistrate Judge's analysis on this issue.

such state appeals provide an adequate forum to satisfy *Younger*. Plaintiff's continued belief that the "high-profile" nature of his case is an "unusual circumstance" making the state proceedings inadequate simply has no merit. Also, just because all of Plaintiff's prior state court actions have failed does not change this analysis. *Younger* simply requires having the opportunity to seek relief on federal constitutional grounds; it is not a guarantee of success on the merits.

Second, Plaintiff objects to the Magistrate Judge's conclusion that none of the recognized *Younger* exceptions apply. Specifically, Plaintiff claims that the state proceeding was motivated by a desire to harass and conducted in bad faith. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). Notably, however, Plaintiff never addressed this exception when discussing *Younger* in earlier filings in this action. Even had Plaintiff raised this exception for the Magistrate Judge's consideration, the Court would still find it inapplicable to Plaintiff's case. Plaintiff has made no attempt to provide admissible evidence that the Board's proceedings to permanently revoke his license, or the subsequent appeal before the Franklin County Common Pleas Court, were initiated to harass or conducted in a bad faith manner. Thus, the Magistrate Judge correctly applied *Younger*, and this Court agrees that abstention is appropriate in this matter.

### III. CONCLUSION

Having carefully reviewed the record, the Report and Recommendation, and Plaintiff's objections, the Court agrees with the conclusion of the United States Magistrate Judge. Plaintiff's objections (Doc. 20) are **DENIED**. The Report and Recommendation (Doc. 19) is **ADOPTED and AFFIRMED**. All of Plaintiff's pending motions (Docs. 6, 13, 16, 24) are **DENIED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** in favor of Defendant and close this case.

IT IS SO ORDERED.

                                        */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**